UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>LAWRENCE DICRISTINA and<br>STEFANO LOMBARDO,<br>    Also known as "Mitzie,"<br><br>    Defendants | MOTION FOR LEAVE TO FILE BRIEF AS *AMICUS CURIAE* IN SUPPORT OF DEFENDANT LAWRENCE DICRISTINA'S MOTION TO DISMISS SUPERSEDING INDICTMENT BY THE POKER PLAYERS ALLIANCE<br><br>No. 11-CR-414 (JBW) |

The Poker Players Alliance ("PPA") hereby respectfully requests leave of Court to participate as *amicus curiae* in this matter, and if granted, that this Court file the attached Brief (Exhibit 1) in Support of Defendant Lawrence DiCristina's Motion to Dismiss the Superseding Indictment. Courts have broad discretion to permit or deny *amici* appearances in any given case. *United States v. Gotti*, 755 F. Supp. 1157 (E.D.N.Y. 1991). The customary role of an *amicus* is to aid the court and offer insights not available from the parties. *United States v. El-Gabrowny*, 844 F. Supp. 955, 957 n. 1 (S.D.N.Y. 1994). The participation of the PPA meets and exceeds this standard.

The PPA is a non-profit organization, whose membership includes over a million professional and amateur poker players and enthusiasts with years of experience playing poker, is in a unique position to help inform the Court fully as to the role of skill in playing poker, which is not available from the parties themselves. The PPA is dedicated to protecting the legal rights of poker players and to provide poker players with a secure, safe, and regulated place to play. In accordance with this mission, one of the PPA's key objectives is to make the public, the political community, and the legal community aware of the fact that poker is a game in which the

skill of the player is the predominant factor in determining the outcome of the game. The PPA does so through advocacy work in Washington, D.C. and throughout the United States. It has also regularly appeared as *amicus curiae* in cases affecting its members' ability to play poker, offering a unique perspective on and information regarding the skill required to play poker. *See South Carolina v. Chimento*, No. 98045DB (Mt. Pleasant Mun. Ct. Feb. 19, 2009); *Pennsylvania v. Dent*, Nos. 167-MDA-2009, 168-MDA-2009 (Pa. Super. 2009), and *Kentucky v. Interactive Media Entertainment & Gaming Assoc., Inc.*, No. 2009-SC-000043 (Ky. May 12, 2009). The PPA also ensured the presentation of the body of evidence regarding the predominance of skill in poker in a Colorado jury trial that resulted in a not guilty verdict. *People v. Raley*, No. 08M2463 (Weld County Ct., Colorado Jan. 21, 2009). In connection with this motion, the PPA has consulted with Defendant DiCristina, who consents to its participation as *amicus*. It has also consulted with the United States Attorney's Office for the Eastern District of New York, which objects to the PPA's motion.

    The indictment directly affects the PPA's interest in assisting its members in continuing to play poker lawfully. Should cases like the one against Mr. DiCristina be allowed to proceed, it will prevent PPA members' ability to continue to play poker without fear that they will be subject to arrest and trial. Consequently, the PPA respectfully requests that the Court grant the PPA leave to participate in the briefing in this proceeding as *amicus curiae*.

                                                       Respectfully submitted,

                                                       _____/s/_____
                                                       Kenneth Dreifach (Bar Code  KD 4816)
                                                       ZwillGen PLLC
                                                       415 Madison Avenue, 11th Floor
                                                       New York, NY 10017
                                                       ken@zwillgen.com
                                                       Tel: (347) 210.1798
                                                       On Behalf of the Poker Players Alliance