# Federal Defenders
## OF NEW YORK, INC.

Eastern District
One Pierrepont Plaza-16th Floor, Brooklyn, NY 11201
Tel: (718) 330-1200 Fax: (718) 855-0760

---

David E. Patton
*Executive Director and*
*Attorney-in-Chief*

*Eastern District*
Peter Kirchheimer
*Attorney-in-Charge*

July 10, 2012

**By ECF and Email**
The Honorable Jack B. Weinstein
United States District Judge
United States District Court
225 Cadman Plaza East
Brooklyn New York 11201

Re:   **United States v. Lawrence Dicristina**
      **11-CR-414 (JBW)**

Dear Judge Weinstein:

The Court has requested briefing on whether, if the jury convicts defendant and the Court then sets aside the conviction because poker is not "gambling" under the Illegal Gambling Business Act ("IGBA"), 18 U.S.C. § 1955, the government could successfully appeal without running afoul of Double Jeopardy. For the reasons set forth in this letter – which the Court should construe as a motion for a judgment of acquittal, if necessary, *see* Fed. R. Crim. P. 29(a), (c) – the answer is plainly "Yes."

Defendant argues that any conviction should be set aside because there is not sufficient evidence to prove he engaged in "gambling" under the IGBA. *See* Fed. R. Crim. P. 29(a), (c). At the very least, the rule of lenity requires reading the statute not to reach poker because: the ordinary and common-law meaning of the word "gambling" specify games of chance, not skill; the legislative history shows that Congress was concerned with house-backed games that could generate substantial profits for organized crime, but that is not true of poker; it is extremely telling that Congress did not include such a well-known game (essentially, a national pastime) among the listed games; and because other state and federal statutes address any concerns that the government may have about poker games. *See generally McBoyle v. United States*, 283 U.S. 25, 26-27 (1931) (holding that when a statute defining "motor vehicles" listed only vehicles that traveled on land, it did not include airplanes, even if it is "etymologically . . . possible" to regard an aircraft as a "motor vehicle").

If the government appeals from an order setting aside the jury's verdict, there is no Double Jeopardy problem because an appellate victory by the government would reinstate the conviction, not require a retrial. "When a jury returns a verdict of guilty and a trial judge (or an

appellate court) sets aside that verdict and enters a judgment of acquittal, the Double Jeopardy Clause does not preclude a prosecution appeal to reinstate the jury verdict of guilty." *Smith v. Massachusetts*, 543 U.S. 462, 467 (2005) (citing *United States v. Wilson*, 420 U.S. 332, 352-353, (1975)).

As the Supreme Court explained in *Wilson*, "Although review of any ruling of law discharging a defendant obviously enhances the likelihood of conviction and subjects him to continuing expense and anxiety, a defendant has no legitimate claim to benefit from an error of law when that error could be corrected without subjecting him to a second trial before a second trier of fact." 420 U.S. at 345. *See also Archer v. Fischer*, 2009 WL 10111591, at *19 (E.D.N.Y. 2009) ("It is well-established that, so long as there is a jury verdict of guilty, an appellate court may correct errors of law without subjecting a defendant to any constitutional deprivation.").

But in any event, defendant waives any Double Jeopardy objection to this scenario. "It is well-settled constitutional law that the constitutional protection against double jeopardy is a personal right and, like other constitutional rights, can be waived . . . ." *Aparicio v. Artuz*, 269 F.3d 78, 96 (2d Cir.2001).

Respectfully submitted,

Kannan Sundaram
Assistant Federal Defender
(718) 330-1203

cc:   Marisa Megur Seifan
      Nathan Reilly
      Assistant U.S. Attorneys