UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| UNITED STATES OF AMERICA, | 11-CR-414-1 |
|---|---|
| – against – | Statement of Reasons Pursuant to 18 U.S.C. § 3553(c)(2) |
| LAWRENCE DICRISTINA, | |
| Defendant. | |

**JACK B. WEINSTEIN, Senior United States District Judge:**

A sentencing court shall "state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c). If the sentence is not of the kind prescribed by, or is outside the range of, the Sentencing Guidelines referred to in Section 3553(a)(4), the court shall indicate the specific reasons for imposing a sentence different from the Guidelines. 18 U.S.C. § 3553(c)(2). These "reasons must also be stated with specificity in the written order of judgment and commitment." *Id.* Even though the mandatory nature of the Guidelines has been excised and they are now "advisory," *see United States v. Booker*, 543 U.S. 220, 245-46 (2005), the sentencing court must still adhere to the requirements of 18 U.S.C. § 3553(c)(2). *United States v. Jones*, 460 F.3d 191, 197 (2d Cir. 2006).

The sentencing court's written statement of reasons shall be "a simple, fact-specific statement explaining why the Guidelines range did not account for a specific factor or factors under § 3553(a)." *United States v. Rattoballi*, 452 F.3d 127, 138 (2d Cir. 2006). Such a statement should demonstrate that the court "considered the parties' arguments and that it has a reasoned basis for exercising its own legal decisionmaking authority." *United States v. Cavera*, 550 F.3d 180, 193 (2d Cir. 2008) (quoting *Rita v. United States*, 551 U.S. 338, 356 (2007)) (internal quotations and alterations omitted).

1

Between December 2010 and May 2011 defendant operated a poker club in the back room of a warehouse in Staten Island, New York, out of which he also ran a legitimate business selling electric bicycles. The club consisted of two tables of No Limit Texas Hold'em, and games were generally held twice a week. Defendant was arrested at his home in Matawan, New Jersey, on June 2, 2011.

Defendant was charged in a two count indictment with operating an illegal gambling business involving poker games in violation of 18 U.S.C. § 1955, and conspiring to do so. He initially pled guilty to count two, conducting a gambling operation, and then withdrew his plea with the permission of the court. The jury convicted him on both counts. Defendant then renewed his motion for judgment of acquittal and this court granted it, reasoning that poker is not within the purview of the Illegal Gambling Business Act's enumerated list of illegal types of gambling, because it is not house-banked or predominated by chance. The Second Circuit reversed the judgment of acquittal and remanded to this court to reinstate the jury verdict.

This court held that the total offense level is 12 and the defendant's criminal history is category I. The defendant argued that he is entitled to a two point reduction for acceptance of responsibility, noting that he originally sought to plead guilty and raised only a legal defense at trial, thereby preserving his admission to operating a poker establishment. *See* U.S. SENTENCING GUIDELINES MANUAL § 3E1.1 (2013), comment. (n.2). At trial, however, defendant also advanced the factual defense that the government failed to prove that the operation "ha[d] been or remain[ed] in substantially continuous operation for a period in excess of thirty days or ha[d] a gross revenue of $2,000 in any single day." 18 U.S.C. §1955(b)(iii). Having unsuccessfully contested the government's evidence supporting a substantive element of the offense, the defendant is not entitled to the two point reduction for acceptance of responsibility.

2

The Guidelines range of imprisonment is between ten and sixteen months, and the fine range is $3,000 to $30,000. *See* U.S. SENTENCING GUIDELINES MANUAL § 5E1.2(c)(3) (2013). The maximum term of imprisonment is five years, with a maximum fine of $250,000. *See* 18 U.S.C. § 1955(a) and 18 U.S.C. §§ 3571(a) and (b)(3). A special assessment of at least $100 is mandatory. *See* 18 U.S.C. § 3013(a)(2)(A). The offense to which the defendant pled guilty permits probation for a term of not less than one year or greater than five years. *See* 18 U.S.C. § 3561(c)(1).

DiCristina was sentenced to one year of unsupervised probation, and is prohibited from carrying a gun, associating with criminals and gambling. Additionally, a $100 special assessment was imposed. There was no fine because defendant does not have any assets, and it is unlikely that he will have any in the near future.

Respectful consideration was given to the Sentencing Guidelines, the Sentencing Commission's policy statements, and all other factors listed under 18 U.S.C. § 3553(a) to ensure that the sentence is "sufficient, but not greater than necessary, to comply with the purposes" of sentencing. *See* 18 U.S.C. § 3553(a). An incarceration sentence within the guidelines is not appropriate in this case.

The court considered the "nature and circumstances of the offense and the history and characteristics of the defendant." *See* 18 U.S.C. § 3553(a)(1). DiCristina ran a small gambling operation. This is aberrant conduct for the defendant, who has no prior convictions. Had he been prosecuted under New York Penal Law for this offense, it is likely that he would have been found guilty of a misdemeanor, the sentence for which is typically two days of community service and no incarceration.

Defendant lives with his wife and three children in Staten Island, New York. His wife describes him as a wonderful husband and father. At sentencing, his cousin emphasized how he is committed to his family. He is the family's sole financial provider, as his wife stays home with their children.

The defendant has led a commendable life apart from the instant offense. Defendant is currently employed by a company called Greasebusters Industrial Steam Cleaning of New Jersey. At sentencing, his employer praised his work ethic, job performance, and good character. Prior to working at Greasebusters, the defendant was the warehouse manager of Global Home Goods of Staten Island, New York, a company that sold electric bicycles. The defendant's employment history demonstrates his strong work ethic and dedication to providing for his family. Incarceration would cause his family financial hardship.

Under Section 3553(a)(2)(B) of title 18, a sentencing court must consider two major factors: general and specific deterrence. General deterrence is satisfied by the felony conviction and its collateral consequences. Specific deterrence has been substantially achieved. Defendant has expressed genuine remorse. It is unlikely that he will engage in further criminal activity.

Imposition of the sentence is stayed until April 1, 2014 at the request of the parties in view of the pending petition for writ of certiorari to the Supreme Court.

Jack B. Weinstein
Senior United States District Judge

Dated: January 24, 2014
Brooklyn, New York